By the Court, Bronson, J.
The orphans’ court of the state of Mississippi had no power to revoke the letters of administration which had been granted to the plaintiff in this state, and the averment in the plea that the foreign court had jurisdiction to do such an act must go for nothing. It is an averment which the law pronounces false. And although administration may have been duly granted to E. M. Fish in Mississippi, he could not sue in the courts of this state; nor could he discontinue, or in any way control the suit which had been commenced by the plaintiff.
The only remaining question is on the release of the cause of action by the foreign administrator. The note purports to have been made in this state, and here the defendant was sued upon it several months before administration was granted in Mississippi. We must presume, until the contrary appears, that the defendant resides in this state, and that the note came duly to the plaintiff’s hands as administrator. It does not appear where the intestate died; but though it may have been in Mississippi, this simple contract debt would be bona notabilia in . this state, where the debtor lives; and the release by the foreign administrator cannot affect the plaintiff’s right to recover the money. (Thompson v. Wilson, 2 N. Hamp. R. 291; Vaughn v. Barret, 3 Verm. R. 333 ; Cowen & Hill's Notes to Phill. Ev. 870—5.) The fact that the foreign administrator made an *556 inventory of the note in Mississippi is of no importance until it appears that the debt was bona notabilia in that state, and there is no averment to that effect in the plea.
Judgment for plaintiff.